**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:16-CR-73 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| TRAVIS COPELAND, | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM**

The court[1] sentenced defendant Travis Copeland to 180 months'
imprisonment after he pled guilty to possessing a firearm as a convicted felon.
Copeland's sentence was based in part on his classification as an armed career
criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).
Copeland moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.
§ 2255 based on ineffective assistance of counsel and on due process grounds
because his prior robbery convictions under Pennsylvania law do not constitute
violent felonies.  We will grant Copeland's motion.

**I.    Factual Background & Procedural History[2]**

**A.    Copeland's Prior Convictions**

Copeland robbed several Turkey Hill convenience stores in York County,
Pennsylvania, over the course of two weeks in June 2008.  (See Doc. 32 ¶¶ 16, 29, 30,

---

[1] This case was originally assigned to our former colleague, the Honorable
John E. Jones III, who rendered the sentence at issue in the instant motion.

[2] The following factual narrative derives primarily from the presentence
investigation report (Doc. 32) prepared in this matter, along with the transcripts of
the plea and sentencing hearings, (see Doc. 64, 5/18/16 Plea Tr.; Doc. 65, 10/16/17
Sentencing Tr.).

31).  He subsequently pled guilty to, *inter alia*, four counts of robbery in violation of

18 PA. CONS. STAT. § 3701.[3]  See York County Common Pleas Docket Nos. CP-67-

CR-0004677-2008, CP-67-CR-0004952-2008, CP-67-CR-0007456-2008.  Copeland's

convictions included one count of first-degree robbery under Section 3701(a)(1)(ii)

of the robbery statute (Docket No. 4952), two counts of second-degree robbery

under Section 3701(a)(1)(iv) (Docket No. 4677), and one count of third-degree

robbery under Section 3701(a)(1)(v) (Docket No. 7456).  (See Doc. 44 at 4-5).

### B.    Federal Indictment and Guilty Plea

On March 7, 2016, investigators with the York Police Department

photographed Copeland selling a .45 caliber semiautomatic handgun to someone

inside a parked vehicle for $400.  (See Doc. 32 ¶ 4).  A federal grand jury indicted

Copeland two weeks later on a single count of being a felon in possession of a

---

[3] Under Pennsylvania law, a person commits robbery  if, "in the course of committing a theft," he:

> (i) inflicts serious bodily injury upon another;

> (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

> (iii) commits or threatens immediately to commit any felony of the first or second degree;

> (iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury;

> (v) physically takes or removes property from the person of another by force however slight; or

> (vi) takes or removes the money of a financial institution without the permission of the financial institution by making a demand of any employee of the financial institution orally or in writing with the intent to deprive the financial institution thereof.

18 PA. CONS. STAT. § 3701(a)(1).

firearm and an armed career criminal in violation of 18 U.S.C. §§ 922(g) and 924(e), respectively.  (<u>See</u> Doc. 1).  The court initially appointed John F. Yaninek, Esquire, to represent Copeland.  (<u>See</u> Doc. 12).  On May 18, 2016, Copeland pled guilty pursuant to a written plea agreement that included an appeal waiver.  (<u>See</u> Doc. 22 ¶ 28).  As consideration for his guilty plea, the government agreed not to bring any other charges, (<u>see</u> <u>id.</u> ¶ 3), left open the possibility of a three-level reduction for acceptance of responsibility, (<u>see</u> <u>id.</u> ¶ 11), and extended a cooperation agreement pursuant to which the government might propose a departure below the mandatory minimum and applicable guideline range in exchange for substantial assistance, (<u>see</u> Doc. 25 at 3).  Copeland also "acknowledge[d] the potential applicability of enhanced punishment under" the ACCA due to his prior convictions.  (<u>See</u> Doc. 22 ¶ 1).

The court reiterated the ACCA's "potential applicability" at Copeland's plea hearing, and explained it would decide whether the ACCA applied at a later date, but emphasized that Copeland would not be allowed to withdraw his guilty plea even if he disagreed with the court's ultimate decision.  (<u>See</u> 5/18/16 Plea Tr. 7:13-16, 9:17-10:7).  Copeland stated he understood.  (<u>See</u> <u>id.</u> at 9:17-10:7).  He also affirmed that he understood the significance of the appeal waiver.  (<u>See</u> <u>id.</u> at 13:4-24).  Copeland then confirmed the accuracy of the government's factual proffer except for the government's conclusion that he previously had committed "three violent felonies."  (<u>See</u> <u>id.</u> at 15:19-16:16).  The court acknowledged this "carve out" from the agreed upon facts and accepted Copeland's guilty plea.  (<u>See</u> <u>id.</u> at 16:13-17:6).

The United States Probation Office subsequently prepared a presentence investigation report ("PSR"), finding Copeland subject to the ACCA's 15-year mandatory minimum based upon three of his Pennsylvania robbery convictions. (See Doc. 32 ¶¶ 16, 29, 30).  Attorney Yaninek objected to this finding.  (See Doc. 33). He argued that Copeland's prior robbery convictions did not constitute predicate offenses for three reasons: (1) the United States Supreme Court had invalidated the ACCA's residual clause in Johnson v. United States, 576 U.S. 591 (2015); (2) robbery is not an enumerated offense under Section 924(e); and (3) under Pennsylvania law, "robbery by force, however slight, does not have a force element."  (See id. at 5-6). Although Attorney Yaninek did not distinguish between Copeland's prior robbery convictions or identify them by subsection or grade, his invocation of "robbery by force, however slight" was a reference to Copeland's conviction under Section 3701(a)(1)(v), which the Probation Office did not count as an ACCA predicate offense.  (See Doc. 32 ¶ 31; Doc. 33 at 3).  The Probation Office responded to Attorney Yaninek's objection by explaining that Copeland's three other convictions listed in paragraphs 29 and 30 of the PSR were ACCA predicates.  (See Doc. 33 at 3).  The parties thereafter attended a presentence conference, and the court ordered them to submit additional briefing regarding Copeland's objection to his classification as an armed career criminal.  (See Doc. 38).

Attorney Yaninek filed a sentencing memorandum disputing whether Copeland had three previous convictions for violent felonies.  (See Doc. 39 at 2).  In defense counsel's view, the robbery convictions identified in paragraphs 29 and 30 of the PSR "were consolidated for both plea and sentencing" and should only count

as "a single sentence under the sentencing guidelines."  (See id. at 1-2).  He then

mentioned the need to "search to find a third conviction."  (See id. at 2).  The

government responded by highlighting the Pennsylvania robbery statute's

divisibility and arguing that each of Copeland's convictions under

Sections 3701(a)(1)(ii) and (iv) were violent felonies because those provisions

satisfied the ACCA's elements clause.  (See Doc. 40 at 3, 9-16 (citing 18 U.S.C.

§ 924(e)(2)(B)(i) (defining "violent felony" as "any crime punishable by

imprisonment for a term exceeding one year . . . that," inter alia, "has as an element

the use, attempted use, or threatened use of physical force against the person of

another"))).  Conceding the absence of binding caselaw within our circuit, the

government cited favorable district court cases and a nonprecedential decision from

our court of appeals addressing Section 4B1.2(a) of the United States Sentencing

Guidelines, which defines "crime of violence" in the same terms as the ACCA's

elements clause.[4]  See U.S.S.G. § 4B1.2(a)(1) (U.S. Sent'g Comm'n 2016); (see also

Doc. 40 at 13-16 (citing, inter alia, United States v. Dobbin, 629 F. App'x 448, 452 (3d

Cir. 2015) (nonprecedential) (holding Section 3701(a)(1)(ii) qualifies as a crime of

violence), cert. denied 136 S. Ct. 2403 (2016); United States v. Harris, 205 F. Supp. 3d

651, 673 (M.D. Pa. Aug. 31, 2016) (Caldwell, J.) (concluding Sections 3701(a)(1)(i), (ii),

and (iv) "qualify as violent felonies under the ACCA") (citing Dobbin, 629 F. App'x

---

[4] In fact, both provisions contain identical elements clauses.  An offense is a
violent felony or a crime of violence if it, inter alia, "has as an element the use,
attempted use, or threatened use of physical force against the person of another."
Compare U.S.S.G. § 4B1.2(a)(1), with 18 U.S.C. §924(e)(2)(B)(i).

at 452))).  Lastly, the government refuted Attorney Yaninek's suggestion that Copeland's robbery convictions were part of the same criminal episode.  (See id. at 16-18).

On June 13, 2017, the court overruled Copeland's objection to his designation as an armed career criminal under the ACCA.  (See Doc. 44).  As the court saw it, Copeland did not "appear to contest that his convictions under [subsections] 3701(a)(1)(ii) and (iv) are appropriately considered violent felonies for purposes of the ACCA," focusing instead upon the consolidated nature of the plea and sentencing in York County.  (See id. at 4).  Nevertheless, the court cited Dobbin and Harris for the proposition that both subsections qualified as violent felonies under the ACCA's elements clause, (see id. at 4 n.2), and concluded that Copeland's prior convictions constituted separate criminal episodes, (see id. at 4-6 (citing United States v. Schoolcraft, 879 F.2d 64 (3d Cir. 1989) (per curiam))).

### C.    Copeland's Motion to Withdraw His Plea

Two weeks before his scheduled sentencing hearing, Copeland informed the court he wanted new counsel and planned to file a motion to withdraw his guilty plea.  (See Docs. 45, 46).  The court subsequently terminated Attorney Yaninek's representation of Copeland and appointed Kevin J. Hoffman, Esquire, in his place.  (See Doc. 47).  More than two months later, Copeland wrote to the court stating he had not yet been appointed new counsel and would like to "proceed with the filing of motions."  (See Doc. 49).  Attorney Hoffman eventually filed an amended sentencing memorandum on October 13, 2017.  (See Doc. 54).  The memorandum included just two sentences regarding Copeland's classification as an armed career

criminal: Copeland "denies that he is subject to the mandatory minimum due to his being an Armed Career Criminal," but he "concedes" that the court has found otherwise. (See id. at 2). Attorney Hoffman did not distinguish between Copeland's prior convictions or cite to any caselaw in support of Copeland's position. Nor did he mention whether Copeland still intended to move to withdraw his plea.

Sentencing commenced three days later, on October 16. (See Doc. 56). At the start of the hearing, Copeland asserted that he "didn't know nothing about a sentencing today," and requested more time to go over the presentence report with his lawyer, whom he had met for the first time the previous week. (See 10/16/17 Sentencing Tr. 2:21-3:20). The court gave Copeland time to confer with Attorney Hoffman. (See id. at 3:21-4:8). The court then informed the parties that "the advisory guideline range effectively is 180 months because of the mandatory minimum term of imprisonment that's operative in this case," and asked if there was "any difference of opinion on that." (See id. at 4:13-19). Attorney Hoffman replied, "I agree the Court's already ruled on this matter. So at this point, we understand that is the mandatory applicable in this case." (See id. at 4:22-24). Attorney Hoffman also told the court Copeland had no other outstanding objections. (See id. at 4:25-5:13).

During his allocution, Copeland asked what the court "meant when you asked my attorney, was there any objections." (See id. at 7:10-11). Copeland added that he "never had a chance to file no motions" and that he met Attorney Hoffman for the first time "last week." (See id. at 7:22-8:1). When asked what motions he wanted to file, Copeland responded: "I wanted to file motions to withdraw my guilty

plea." (See id. at 8:2-6). After an extended back-and-forth in which Attorney Hoffman conceded Copeland never expressly asked him to withdraw his plea, the court gave Copeland more time to privately confer with his attorney. (See id. at 8:7-10:17). Attorney Hoffman then made an oral motion to withdraw Copeland's guilty plea because Copeland felt Attorney Yaninek gave him "inaccurate information" about "certain consideration" he thought he would receive from the government at the time he pled. (See id. at 10:19-11:17).[5] The court referred to Copeland's detailed plea colloquy and found "no basis at this late date for [him] to withdraw his plea." (See id. at 14:1-13). The court sentenced Copeland to 180 months' imprisonment to be served concurrently with an anticipated state court parole revocation sentence. (See id. at 18:18-24).

**D. Section 2255 Motion**

Copeland, acting *pro se*, subsequently filed a notice of appeal and a Section 2255 motion requesting new counsel. (See Docs. 58, 61). In his motion, Copeland argued his robbery convictions "no longer qualify" as predicate offenses under Supreme Court precedent and that Attorney Hoffman "refused to argue these issues at my sentencing or bring them to the Honorable court[']s attention." (See Doc. 61 at 1). The court appointed the Federal Public Defenders Office to assist with Copeland's Section 2255 motion. (See Doc. 62). At the same time, the

---

[5] The government explained that Copeland's cooperation agreement fell through because he "double-cross[ed]" the investigators he was supposed to be assisting, obstructed the investigation, and nearly "derailed the entire operation." (See 10/16/17 Sentencing Tr. 11:18-13:25).

government moved to dismiss Copeland's appeal based on the appeal waiver; our court of appeals granted the government's motion in July 2018. (See Doc. 66). Defense counsel subsequently filed the instant motion challenging plea and sentencing counsels' stewardship. (See Doc. 68). The supporting brief contends that, without the ACCA enhancement, Copeland's resulting guidelines range should be 37 to 46 months instead of 15 years. (See Doc. 72 at 11-12). The court stayed Copeland's motion pending our court of appeals' decision in United States v. Harris, 68 F.4th 140 (3d Cir. 2023), and the United States Supreme Court's decision in Borden v. United States, 593 U.S. ___, 141 S. Ct. 1817 (2021) (plurality). (See Doc. 76). Copeland moved to lift the stay following the Supreme Court's decision in Borden. (See Doc. 78). We granted Copeland's motion and authorized the parties to file supplemental briefing, which they did. (See Docs. 79, 80, 81). Copeland has since apprised the court of supplemental authority further supporting his Section 2255 motion. (See Docs. 82-86). The motion, as supplemented with the court's leave, is fully briefed and ripe for disposition.

## II.    **Legal Standard**

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. 28 U.S.C. § 2255. Courts may afford relief under Section 2255 on a number of grounds including, *inter alia*, "that the sentence was imposed in violation of the Constitution or the laws of the United States." See 28 U.S.C. § 2255(a); see also 28 U.S.C. § 2255 Rule 1(a). The statute provides that, as a remedy for an unlawfully imposed sentence, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence

him or grant a new trial or correct the sentence as may appear appropriate." See 28 U.S.C. § 2255(b).  The court accepts the truth of the defendant's allegations when reviewing a Section 2255 motion unless those allegations are "clearly frivolous based on the existing record."  See United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005).  A court is required to hold an evidentiary hearing when the motion "allege[s] any facts warranting § 2255 relief that are not clearly resolved by the record."  See United States v. Tolliver, 800 F.3d 138, 141 (3d Cir. 2015) (quoting Booth, 432 F.3d at 546).

**III.   Discussion**

Through his supplemental filings—which we construe as an amendment to his extant Section 2255 motion—Copeland raises a due process challenge to his classification as an armed career criminal in light of Borden.  (See Doc. 78 ¶ 9; Doc. 78-1 ¶¶ 6-9; Doc. 80 at 1-4).  In Borden, the Supreme Court held that a criminal offense with a *mens rea* of recklessness cannot count as a "violent felony" under the ACCA's elements clause.  See Borden, 141 S. Ct. at 1821-22 (plurality); id. at 1835 (Thomas, J., concurring in the judgment).  Copeland contends that his prior robbery convictions under 18 PA. CONS. STAT. §§ 3701(a)(1)(ii) and (iv) cannot be predicate offenses under the ACCA because they may be committed with a *mens rea* of recklessness.  We begin and end our analysis with this supplemental claim.

As a threshold matter, Copeland's belated due process challenge remains viable post-Borden because that decision announced a substantive rule that applies retroactively to cases pending on collateral review.  See Teague v. Lane, 489 U.S. 288, 311 (1989) (plurality); Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004) (citing

Bousley v. United States, 523 U.S. 614, 620-21 (1998)) (explaining that "[n]ew *substantive* rules . . . include[] decisions that narrow the scope of a criminal statute by interpreting its terms") (emphasis in original); cf. Welch v. United States, 578 U.S. 120, 129-30 (2016) (applying Johnson's substantive rule retroactively to post-conviction challenges to ACCA's residual clause).  To reiterate, five Justices in Borden agreed that a criminal offense that may be committed with a *mens rea* of recklessness cannot count as a "violent felony" under the ACCA's elements clause. See Borden, 141 S. Ct. at 1821-22 (plurality); id. at 1835 (Thomas, J., concurring in the judgment).  Borden unquestionably narrowed the ACCA's scope.  Since Borden, courts within the Third Circuit have determined that subsection (iv) of the Pennsylvania robbery statute is not a "violent felony" under the ACCA and applied that rule retroactively.  See, e.g., United States v. Parrott, 585 F. Supp. 3d 661, 666 (E.D. Pa. 2022); United States v. Blakney, No. 11-562, 2021 WL 3929694, at *3 (E.D. Pa. Sept. 2, 2021); United States v. Giles, No. 94-20, 2021 WL 5418158, at *6 (E.D. Pa. Nov. 19, 2021).

In United States v. Washington, No. 21-2740, 2023 WL 128928 (3d Cir. Jan. 9, 2023) (nonprecedential), a panel of our court of appeals accepted the government's concession that subsection (iv) may be violated with a *mens rea* of recklessness and is not a "crime of violence" under Section 4B1.2(a) of the Sentencing Guidelines. See Washington, 2023 WL 128928, at *6 (citing Borden, 141 S. Ct. 1817).  This is significant because "courts generally apply authority interpreting" the Sentencing Guideline's definition of "crime of violence" to the ACCA's definition of "violent felony," and vice versa.  See United States v. Brasby, 61 F.4th 127, 133 (3d Cir. 2023)

11

(citations omitted).  Additionally, in <u>United States v. Small</u>, No. 22-1469, 2023 WL 4399212 (3d Cir. July 7, 2023) (nonprecedential),[6] the court recognized the government's concession that, "under <u>Borden</u>, Small's robbery conviction [under subsection (iv)] did not qualify as a violent felony for purposes of the ACCA because it can be committed with a *mens rea* of recklessness."  <u>See</u> <u>Small</u>, 2023 WL 4399212, at *2 n.5 (citing 18 PA. CONS. STAT. § 3701(a)(1)(iv)).[7]

In its supplemental brief, the government argues that subsection (iv) is divisible into three "alternative elements" and that Copeland's convictions were based on intentional conduct.  (<u>See</u> Doc. 81 at 7-12 (citing <u>Mathis v. United States</u>, 579 U.S. 500, 505-06 (2016)); <u>see also</u> <u>id.</u> at 14-16 (rejecting <u>Parrot</u>, <u>Blackney</u>, and <u>Giles</u> as "flawed" for failing to acknowledge subsection (iv)'s divisibility)).[8]  And, in contrast to its position in <u>Washington</u> and <u>Small</u>, the government also proffers

---

[6] The court acknowledges that nonprecedential decisions are not binding upon federal district courts.  However, we cite these nonprecedential decisions because we have carefully considered each decision and we are persuaded by each panel's *ratio decidendi*.

[7] At the same time, our court of appeals has determined that a conviction under subsection (ii) of Pennsylvania's robbery statute constitutes a "violent felony" under the ACCA.  <u>See</u> <u>United States v. Cann</u>, No. 22-2525, 2023 WL 5275054, at *3 (3d Cir. Aug. 16, 2023) (nonprecedential).  In light of <u>Cann</u>, we reject Copeland's challenge to the extent it focuses upon his conviction under subsection (ii).  (<u>See</u> Doc. 80 at 3).

[8] In fairness to the government, its concessions in both <u>Washington</u> and <u>Small</u> resulted from evidentiary shortcomings regarding the defendants' prior convictions that it does not believe afflict its position in the matter *sub judice*.  <u>See</u> <u>Washington</u>, No. 21-2740, Doc. 60 at 60 (3d Cir. May 2, 2022); <u>Small</u>, No. 22-1469, Doc. 45 at 17 n.4 (3d Cir. Dec. 29, 2022).  The government proffers record evidence purportedly showing that Copeland's robbery convictions in York County were based on intentional conduct.  (<u>See</u> Doc. 81 at 12-14 & nn.3-4).

certain documents—namely, the information and plea colloquy from York County—that it believes shed sufficient light on the clause within subsection (iv) that forms the basis for Copeland's convictions.  (See id. at 12-14 & nn. 3-4).

When assessing whether a conviction qualifies as an ACCA predicate offense, a court must determine whether the underlying statute is divisible.  A statute is divisible when it "list[s] elements in the alternative, and thereby define[s] multiple crimes."  See Mathis, 579 U.S. at 505.  Conversely, a statute is indivisible when it merely "enumerates various factual means of committing a single element" and "a jury need not find (or a defendant admit) any particular item" to convict.  See id. at 506 (citations omitted).  If the statute is divisible, the sentencing court applies the modified categorical approach; it "may go beyond the mere fact of conviction" and consult Shepard documents, including, *inter alia*, the charging document, jury instructions, plea agreement, and plea colloquy, "to determine what crime, with what elements, a defendant was convicted."  See id. at 505 (citing Shepard v. United States, 544 U.S. 13, 26 (2005); Taylor v. United States, 495 U.S. 575, 602 (1990)).  For indivisible statutes, the sentencing court applies the categorical approach and must only consider the elements listed in the statute "while ignoring the particular facts of the case."  See id. at 504 (citing Taylor, 495 U.S. at 600-01).

Here, it is undisputed that Pennsylvania's robbery statute, 18 PA. CONS. STAT. § 3701(a)(1), is divisible into subsections that "'clearly la[y] out alternative elements' for separate robbery offenses."  See Cann, 2023 WL 5275054, at *3 (quoting United States v. Peppers, 899 F.3d 211, 232 (3d Cir. 2018)).  The parties also agree that Copeland has two prior convictions under subsection (iv) of this statute.  (See

Docket No. 4677).  The crux of their dispute is whether each subsection can be further subdivided into alternative elements.  The government insists that they can be; Copeland disagrees.  (<u>Compare</u> Doc. 81 at 12, <u>with</u> Doc. 80 at 2-3).  Our court of appeals has not yet reached this question; however, in a recent decision addressing whether subsection (ii) of the statute is a crime of violence, the court stated that the modified categorical approach may be used "to identify the *subsection* under which" a defendant previously was convicted.  <u>See</u> <u>United States v. Henderson</u>, 80 F.4th 207, 212 (3d Cir. 2023) (emphasis added).  The <u>Henderson</u> court proceeded to analyze each of subsection (ii)'s discrete clauses separately, but it did so only to assess whether the subsection *as a whole* "requires proof that the defendant acted with a knowing or intentional state of mind."  <u>See</u> <u>id.</u> at 213-15.  The court concluded that "the language of subsection (ii) requires intentional conduct" in both particulars, and therefore "subsection (ii) embodies an intentional *mens rea*." <u>Id.</u> at 215; <u>see also</u> <u>Cann</u>, 2023 WL 5275054, at *3 (adopting the <u>Henderson</u> court's reasoning in the ACCA context).

A holistic assessment of subsection (iv), by contrast, confirms that intentional conduct is not required to convict under its first clause: "inflicts bodily injury upon another."  <u>See</u> 18 PA. CONS. STAT. § 3701(a)(1)(iv).  The government has already conceded before our court of appeals that "inflict[ing] *serious* bodily injury upon another"—the operative offense set forth in subsection (i)—"may be committed recklessly."  <u>See</u> <u>United States v. Harris</u>, No. 17-1861, Doc. 239 at 2 (3d Cir. July 26, 2021) (emphasis added); <u>see also</u> <u>Harris</u>, 68 F.4th at 143 (recognizing government's concessions).  Like subsection (i), the first clause of subsection (iv) "does not require

. . . a mental state" and, by default, may be committed with a *mens rea* of recklessness.  See <u>United States v. Ruffin</u>, No. 2:13-CR-138, 2022 WL 1485283, at *8 (W.D. Pa. May 11, 2022) (quoting <u>Commonwealth v. Payne</u>, 868 A.2d 1257, 1263 (Pa. Super. Ct. 2005)).  Pennsylvania law compels this conclusion: "When the culpability sufficient to establish a material element of an offense is not prescribed by law, such element is established if a person acts intentionally, knowingly *or recklessly* with respect thereto."  18 PA. CONS. STAT. § 302(c) (emphasis added).

The government does not dispute that the first clause of subsection (iv) may be violated with a *mens rea* of recklessness.  (<u>See</u> Doc. 81 at 5-6, 14).  Instead, the government argues that the facts underlying Copeland's convictions prove he pled guilty to violating the second clause, *i.e.*, "threatening another during the course of a theft."  (<u>See id.</u> at 12).  But it is clear from Pennsylvania's model jury instructions for second-degree robbery that a jury need not agree on which of subsection (iv)'s clauses a defendant violated in order to convict him of that offense.  See PENNSYLVANIA SUGGESTED STANDARD CRIMINAL JURY INSTRUCTIONS, § 15.3701B (3d ed. 2016);[9] <u>accord</u> <u>Parrott</u>, 585 F. Supp. 3d at 666; <u>Blakney</u>, 2021 WL 3929694, at *2;

---

[9] "15.3701B ROBBERY--FELONY OF THE SECOND DEGREE

1. The defendant has been charged with robbery.  To find the defendant guilty of this offense, you must find that the following two elements have been proven beyond a reasonable doubt:

*First*, that the defendant:

[a. inflicted bodily injury on the victim; [or]

b. threatened the victim with immediate bodily injury; [or]

c. intentionally put the victim in fear of immediate bodily injury; [or]

<u>Giles</u>, 2021 WL 5418158, at *3.  This is fatal to the government's argument because it confirms that second-degree robbery in Pennsylvania is a criminal offense with "two elements," the first of which may be satisfied through alternative means—either recklessly or intentionally.  See <u>Mathis</u>, 579 U.S. at 512 n.3.

The government also asks us to "peek" at the <u>Shepard</u> documents regarding Copeland's convictions to assess whether subsection (iv)'s clauses constitute alternative elements rather than means.  (<u>See</u> Doc. 81 at 12 (citing <u>Mathis</u>, 579 U.S. at 518)).  We decline this entreaty.  The Supreme Court has stressed that, "[a]t trial, and still more at plea hearings, a defendant may have no incentive to contest what does not matter under the law," particularly when it comes to error-prone statements of "non-elemental fact"—like "a prosecutor's or judge's mistake as to means, reflected in the record"—that tend to go uncorrected.  See <u>Mathis</u>, 579 U.S. at 512.  To that end, the Supreme Court has admonished sentencing courts not to scour defendants' criminal records to attempt to discern factual bases for particular convictions when assessing the applicability of ACCA enhancements, if only to ensure that "inaccuracies [do] not come back to haunt the defendant many years down the road by triggering a lengthy mandatory minimum."  See <u>id.</u> (citing <u>Descamps v. United States</u>, 570 U.S. 254, 268-69 (2013); see also <u>id.</u> at 511-12 (raising specter of "serious Sixth Amendment concerns" when judges impose sentencing

---

d. took or removed money from a financial institution without the permission of the financial institution by making a demand of any employee of the financial institution orally or in writing with the intent to deprive the financial institution of the money.]

*Second*, that the defendant did this during a theft."

enhancements based upon "the manner in which the defendant committed [a prior] offense") (citing <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000)); <u>id.</u> at 521-23 (Thomas, J., concurring).  Such caution may be especially prudent when, as here, different "mental states are interchangeable means of satisfying a single *mens rea* element." <u>See id.</u> at 512 n.3.  We are satisfied that Copeland has one conviction under subsection (ii) and two convictions under subsection (iv) of the Pennsylvania robbery statute.  That is all we need to assess whether he committed three violent felonies.  The ACCA "cares not a whit about" the brute facts underlying his convictions.  <u>See id.</u> at 504.

In sum, the government has not identified a single case holding that the Pennsylvania robbery statute's *subsections* are divisible.  Our court of appeals' recent decisions strongly suggest, and at least four district courts within our circuit have definitively held, they are not.  <u>See</u> <u>Cann</u>, 2023 WL 5275054, at *3; <u>Henderson</u>, 80 F.4th at 212; <u>Parrott</u>, 585 F. Supp. 3d at 666; <u>Blakney</u>, 2021 WL 3929694, at *3; <u>Giles</u>, 2021 WL 5418158, at *3; <u>United States v. Griffin</u>, No. 07-28, 2018 U.S. Dist. LEXIS 159377, at *8-9 (E.D. Pa. Sep. 18, 2018).  We join those courts in concluding that subsection (iv) of the Pennsylvania robbery statute is indivisible.  Because this subsection may be violated with a *mens rea* of recklessness, Copeland's two convictions for second-degree robbery cannot count as ACCA predicate offenses. <u>See</u> <u>Borden</u>, 141 S. Ct. at 1821-22 (plurality); <u>id.</u> at 1835 (Thomas, J., concurring in the judgment).  Accordingly, we find that Copeland's designation as an armed career criminal violated his right to due process, and that he is entitled to be resentenced without regard to the ACCA's enhancements.

IV.  **Conclusion**

For the foregoing reasons, we will grant Copeland's motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  Copeland's sentence will be vacated, and a resentencing hearing will be scheduled.  An appropriate order shall issue.

/S/ Christopher C. Conner
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     December 6, 2023